May it please the Court, I'm Robert Jobe and I'm appearing today on behalf of the petitioner Elias Salcedo. The sole issue presented in this case is whether Mr. Salcedo's conviction for making a false statement in violation of 18 U.S.C. 1001A2 constitutes a crime involving moral turpitude, a CIMT. In Navarro-Lopez, a substantial majority of a 15-member en banc panel of this Court ruled that an offense constitutes a crime involving moral turpitude if and only if it categorically involves fraud or conduct so base, vile, and depraved that it qualifies as turpitudinous even though it does not involve fraud. Now, the en banc panel intended to set a high bar. I don't think there can be any dispute about that. The Court noted in passing that neither burglary, not even assault with a deadly weapon, would constitute a crime involving moral turpitude. At the same time, we've said in a number of different contexts that trying to get something, a benefit, something of value from the government by a material misrepresentation is inherently fraudulent. Right. So how do you square those? Well, I think the critical part of this, Your Honor, is what the en banc Court said next in Navarro-Lopez. It said that the modified categorical approach applies only when the particular elements in the crime are broader than the generic crime. I'm sorry. Just a period. Are broader. It only applies, the modified categorical approach only applies when the elements of the crime of conviction are broader than the generic crime. And it went on to say when the crime of conviction is missing an element of the generic crime altogether, we can never find that a jury was actually required all the elements of the generic crime. And then it went on to say from there that even if Navarro-Lopez had in his plea process admitted to depraved acts, those admissions could not be used to modify the crime because they were not necessary for the conviction. That particular passage there controls this case. Because 45 years ago, this Court ruled in Hirsch that making a false statement in violation of Section 1001 is not a crime involving moral turpitude. And if it's not categorically a crime involving moral turpitude because it's missing an element, under Navarro-Lopez, you don't go any further. You don't go to the modified categorical approach and you don't get to look at the admissions that were made as part of the plea agreement. And I think it's undisputed that in this case, Mr. Salcedo was convicted under the prong of 1001 that deals with false statements and not fraudulent statements. And if you look at the judgment, it says false statement. If you look at the superseding information that he pledged to, it doesn't allege that he made a fraudulent statement. It only alleges he made a false statement. And the same thing is true in the plea agreement. That disposes of this case. Because he pled guilty to making a false statement, and a false statement has been ruled by this Court to be missing a key element, an essential element of the generic definition of a crime involving moral turpitude, you don't get to go any further in the analysis. You don't look at the underlying conduct. It's the combination of Navarro-Lopez and Hirsch, I think, essentially resolves this case. Now, on the burden of proof, there is an issue there, but I think Sandoval-Lua resolves that. Because, obviously, in this case, Mr. Salcedo, he has the burden of establishing his eligibility for cancellation of removal. So he has the burden of demonstrating that the crime is not one involving moral turpitude. But in Sandoval-Lua, this Court ruled that an applicant for cancellation of removal can do that by demonstrating that the record of conviction is ambiguous. So, if there are no further questions, I'll reserve the balance by time. Okay. Mr. McLaughlin. Good morning, Your Honor. May it please the Court, my name is Andrew McLaughlin, and I represent the Respondent Attorney General of the United States in this case. The good news is that Mr. Joba and I both think that this is easy. The bad news is we come out the complete opposite ways. Let me reserve for a moment the categorical issue and just look at the issue that he was highlighting regarding Navarro-Lopez. The question is whether or not there is an element of turpitude in this conduct in the statute that dictates whether or not you need to look to the modified categorical approach. If the term fraudulent appears in the statute, and it does, then you must look at the indictment itself or other evidence to determine whether you're dealing with the fraud part or some other part, assuming that other part doesn't deal with moral turpitude. But we know that the indictment talks only in terms of false, not fraud. Correct. But the very next step is, if you look at Navarro-Lopez and the examples that Navarro-Lopez gives, Navarro-Lopez clearly reaffirms this Court's holding in Bissalon that said a false statement in an application for a passport is fraudulent, not just is a CIMT, but is fraudulent. So you've got the analysis in Bissalon applies equally either way. And you see it again in the Rodriguez case that I cited as supplemental authority from the Second Circuit that applies in the same statute, again says this is a crime involving moral turpitude. So the position of the United States regarding the application of Navarro-Lopez is Navarro-Lopez says what you look to is, is there an element of the offense that involves moral turpitude? And in this case it's easy because the word fraud is right there in the statute. The government contends that there is moral turpitude more broadly in the statute and, in fact, that fraud is inherent, as we cited in the supplemental authority, that fraud is inherent throughout the statute, not just in the portions that you would characterize as fraudulent, but also other kinds of false statements. And the reason for that is, and I don't know whether you've seen the supplemental authority I turned in this morning. We had a discussion, Mr. Jobe and I had a discussion yesterday about materiality and I realized that there was a gap in the citations in our briefs discussing this materiality. This Court, in an advanced decision indeed, but in other decisions as well, defined the requirement of materiality in 18 U.S.C. 101, 1001, I'm sorry. And the courts clearly held that materiality is a requirement of the entire 1001 statute and then it went on to define materiality and its definition of materiality is strikingly similar to its definition of intent to defraud in Navarro-Lopez. You have to make a false representation and you have to be trying to get something from the government. Those two things are strikingly similar. The only kind of distinction that you might be able to draw is whether what you were trying to get from the government was something tangible or something less than tangible as suggested. It might not be a crime involving moral turpitude. So what you do under the category, under the modified category approach under Navarro-Lopez is you look to what the judge must have determined. What were the elements that the judge must have found in this case? In this case, they had to find that it was material to a matter under the jurisdiction of an agency of the United States to wit an application for a Social Security card. The whole fraud analysis of all of these cases, Navarro-Lopez and Bissalon and all of the others, deals with did you want to get something back from the government that was something more than abstract, something tangible like a passport application, naturalization papers. These are the ones that are cited in Navarro-Lopez. But you don't have to be a citizen to get a Social Security card. That's correct. Yeah. And that isn't the issue here. The issue here is the fact that he made a false statement in an application for a Social Security card, just like in Bissalon there was a false statement in an application for a passport. He didn't. I think to get a passport, you'd have to be a citizen. That's correct. But you don't have to be to get a Social Security card. Correct. But you have to have. Does that make a difference? There is. In the analysis of Bissalon, it didn't make any difference at all. So in short, there's no difference in legal terms. If you look at a Social Security card, it also has requirements that are significant and represent significant government programs. And I like the analysis of Rodriguez, and this is part of the reason that I think that, given that I don't think that Hirsch bars you from finding at this point that, given Deep and Duendis Alvarez and other cases, bars you from finding that Section 18 U.S. Code 1001 is categorically all the Part of that is because when you make a materially false representation to the United States, trying to get them to conform their conduct in a matter for an agency of the United States, what you have done is you have undermined an important government function. And if you have a question about how important the function of the identification function and the regulatory function of the Social Security number is, you need only look as far as the Real ID Act and the legislative history of the Real ID Act, describing that in terms of a way, a protection for national security, because it prevents people, the proper use of that program and not allowing fraud in that program, prevents people from placing the national security at risk. So there's no doubt at all. I don't think we have any national security risk here. We have a father of five children who's lived here for 25 years. But that isn't the question. The question is whether or not this kind of fraud undermines the. I'm just saying that national security is not an issue in this case. And there's no allegation that this is an evil person. And all of those situations are here. But as a matter of law, it's the government's contention that the entire statutory section is categorically a CIMT. But in terms of the easy answer in this case, clearly you have to do the modified categorical approach because the word fraud appears in the statute. And clearly this judge in this case, based on this indictment, found that this person made a materially false representation in an application for a Social Security card, something of value, something tangible of value, that this Court regards as a matter of fraud and therefore a CIMT. If there's nothing further, I'll sign the brief. Thank you. Mr. Job? I'll make two trips here. The problem with the government's argument that fraud is inherent throughout the statute is Hirsch. I mean, the government argues that because the statute has a materiality requirement, it's necessarily there's fraud inherent throughout the statute. The problem with that is that Hirsch was decided in 1962, and this Court interpreted the statute as inherently involving a materiality requirement before that, in 1959 and again in 1961. And the cases are cited in the government's 28J letter. But Brandau, 1959, it's 268F second 559. This Court ruled that materiality is an essential element of the crime. And again, in Poonian, 1961. You say that it is or is not. It is. But they made the ruling that materiality, this Court ruled that materiality was an essential element of the crime before Hirsch when it ruled that making a false statement, even a materially false statement, is not a crime involving moral turpitude. So at the time he entered his plea, obviously Hirsch was controlling on that point and it continues to be controlling. The government cites these cases, Bissigan and Rodriguez, where an individual is attempting to get a passport. Statutory provision in that case is very different. There the statute says, whoever willfully and knowingly makes any false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, blah, blah, blah, blah. Well, that has an essential element that you're trying to get something from the government. It's got the essential elements of fraud. This statute, 1001, doesn't have that. All it requires is that you make a false statement. And under Blanco, even a false statement, unless you're attempting to get something tangible in return, that's not fraud and it's not a crime involving moral turpitude. So those cases, in our view, are completely inept. Well, in simple terms, why wasn't he trying to get something of tangible value in terms of a Social Security charge? I actually think if you were able to resort to the categorical approach, the facts of this case would certainly suggest that fraud. But that's not what he pled to. During the plea process, the criminal lawyer was consulting with immigration counsel, me, and we set the plea up so that we specifically avoided making any plea to the portion of the statute that involved fraudulent statements. And instead, we focused the plea agreement on making a false statement. And he should receive the benefit of structuring his plea agreement in that way. The government agreed that we could set the plea up in exactly that way. Okay, thank you, counsel. Thank you. A matter just argued will be submitted.
judges: Fletcher, Rymer, Duffy